# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

SUPERIOR EDGE, INC.,

          Plaintiff,

v.

MONSANTO COMPANY and SITE-
SPECIFIC TECHNOLOGY
DEVELOPMENT GROUP, INC.,

          Defendants.

Civil No. 12-2672 (JRT/FLN)

**MEMORANDUM OPINION AND
ORDER DENYING DEFENDANT'S
MOTION TO DISMISS**

---

Walter Joseph Gates, III, **WALTER J. GATES**, 510 Long Street, Suite 109, Mankato, MN 56001; and William G. Osborne, **WILLIAM G. OSBORNE, P.A.**, 1305 East Robinson Street, Orlando, FL 32801, for plaintiff.

Jennifer S. Kingston and Robert F. Epperson, Jr., **DOWD BENNETT LLP**, 7733 Forsyth Boulevard, Suite 1900, St. Louis, MO 63105; and Lucas Clayton, **FABYANSKE, WESTRA, HART & THOMSON, P.A.**, 800 LaSalle Avenue, Suite 1900, Minneapolis, MN 55402, for defendants.

This case arises out of a software development and license agreement between Plaintiff Superior Edge, Inc. ("SEI") and Defendant Monsanto Company ("Monsanto"). Pursuant to the agreement, SEI was to develop software for Monsanto to assist in Monsanto's seed sales initiatives. Prior to entering into the agreement with SEI, Monsanto had entered into a separate agreement with Defendant Site-Specific Technology Development Group, Inc. ("SST") to help Monsanto achieve other facets of its seed sales initiatives.

After SEI and Monsanto began working together, conflict ensued regarding the parties' obligations under the agreement. As the relationship between Monsanto and SEI deteriorated, Monsanto and SST allegedly appropriated SEI's initial software developments and undertook further development of that software to incorporate the capabilities initially intended to be created by SEI pursuant to the agreement.

SEI brings, among others, a claim for violation of the Minnesota Unfair and Deceptive Trade Practices Act ("MUDTPA") against SST. The Court previously dismissed this claim because, in seeking damages under the statute, it "fail[ed] to plead a permissible basis for relief." *Superior Edge, Inc. v. Monsanto Co.*, Civ. No. 12-2672, 2013 WL 4050790, at *15 (D. Minn. Aug. 9, 2013). The Court dismissed the claim without prejudice and provided SEI with an opportunity to amend. *Id.* at *24. SEI filed an amended complaint, and SST again moves to dismiss the MUDTPA claim. Because SEI's claim fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), the Court will grant SST's motion to dismiss. The Court will, however, provide SEI with a final opportunity to amend its MUDTPA claim against SST to bring it into compliance with the applicable pleading requirements.

## BACKGROUND[1]

## I.    ALLEGATIONS AGAINST SST

Monsanto and SEI were parties to a Licensing Agreement, which required SEI to develop certain software for Monsanto's use. (Am. Compl. ¶¶ 21-22, Aug. 27, 2013,

---

[1]  The Court includes background information only to the extent necessary to rule on the present motion. A more complete recitation of the facts surrounding SEI's claims can be found in the Court's previous order. *Superior Edge*, 2013 WL 4050790.

Docket No. 62.) In 2010, SEI approached Monsanto with ideas to enhance the quality of Monsanto's sales proposals and provided Monsanto with several prototypes. (*Id.* ¶ 40.) Monsanto approved of one of the sales proposal prototypes, which eventually became known as IntelliScans. (*Id.* ¶ 41.) IntelliScans are individualized sales proposal booklets that are given to potential Monsanto customers and contain information about the customer's farm and seed product needs.

Monsanto had a relationship with SST, a software supplier, prior to March 1, 2009, the effective date of the Licensing Agreement. (*Id.* ¶¶ 21, 33.) During the course of Monsanto and SEI's relationship, SST supplied SEI with data and imagery for use in the development of its software product and for creation of the IntelliScans. (*Id.* ¶¶ 33, 37, 43.) SST also attended meetings with SEI and Monsanto to resolve various issues involving SEI's software product. (*Id.* ¶ 44.)

SEI alleges that in April 2011, Monsanto "insisted that SEI disclose its proprietary technology and methods to SST." (*Id.* ¶ 51.) SEI alleges that "Monsanto had one purpose in giving SST access to SEI's technology: Monsanto desired to aid SST in acquiring and being able to operate SEI's software capable of generating IntelliScans so that Monsanto could avoid paying SEI [substantial fees]." (*Id.*) SEI did not disclose the technology and methods as requested. (*Id.*)

SEI alleges that its relationship with Monsanto began to deteriorate, and as it did, Monsanto and SST began to further develop the Intelliscan software product and represented to the public that the software had been created through the joint efforts of solely SST and Monsanto. (*Id.* ¶ 63.) SEI claims that "[b]y not later than May of 2011,

Monsanto had succeeded in transferring to SST sufficient information and technology . . . such that SST could produce complete IntelliScans independent of SEI." (*Id.* ¶ 65.) SEI alleges that SST "began a public marketing campaign representing that the IntelliScan intellectual property of SEI was in fact the creation and property of SST and Monsanto," (*id.*), explaining that

> [i]n fact, not later than May of 2011, SST had promulgated written materials and had published statements to the general public and the agriculture industry that both the IntelliScan and IntelliSeed software had been created solely as a joint effort of SST and Monsanto. These publications and statements by SST were materially false and constituted a misrepresentation and fake claim that the work product and intellectual property of SEI were the property of SST and Monsanto.

(*Id.* ¶ 63).

## II.    AUGUST 9, 2013 DISMISSAL

SEI's original complaint brought five claims against SST, including a claim for violation of MUDTPA. (Compl. ¶¶ 115-119, Oct. 19, 2012, Docket No. 1.) On August 9, 2013, the Court filed an order that, among other things, granted SST's motion to dismiss the MUDTPA claim. *See Superior Edge, Inc.*, 2013 WL 4050790 at *24. The Court concluded that SEI's MUDTPA claim, which sought relief in the form of economic damages suffered by SEI "fail[e]d to plead a permissible basis for relief" because "[u]nder Minnesota law, 'the sole statutory remedy for deceptive trade practices is injunctive relief.'" *Id.* at *15 (quoting *Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.2d 336, 339 (Minn. Ct. App. 1999)). Although the Court dismissed SEI's claim it did so without prejudice and "allow[ed] SEI to file an amended complaint . . . seeking appropriate remedies under MUDTPA." *Id.* The Court also expressly noted that

any such amendment was required to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Id.*

## III.    AMENDED COMPLAINT

In compliance with the Court's dismissal order SEI filed an amended MUDTPA claim against SST, seeking injunctive relief. (Am. Compl. ¶ 96.) Incorporating the above factual allegations by reference, Count II of the Amended Complaint goes on to allege the following:

> The actions and representations of SST, to wit: that the intellectual property of SEI is in fact its own property and that it, individually and together with Monsanto, created such intellectual property is a violation of said statute. These representations by SST were and are knowingly false and are continuing in nature.
>
> Specifically, the acts by SST that constitute a deceptive trade practice in the course of business include but are not limited to:
>
> A.    Passing off the goods or services of another as their own;
>
> B.    Causing a likelihood of confusion or of misunderstanding as to the source of goods or services;
>
> C.    Disparaging the goods or services of another by false or misleading representations of fact;
>
> D.    Engaging in conduct which creates a likelihood of confusion or of misunderstanding by holding out the intellectual property of SEI as its own.

(*Id.* ¶¶ 94-95.)

# ANALYSIS

## I.     STANDARD OF REVIEW

In reviewing a motion to dismiss brought under Rule 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "'claim to relief that is plausible on its face.'"  *See, e.g.*, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility" and therefore must be dismissed.  *Id.* (internal quotation marks omitted).  Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Therefore, to survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## II.     MUDTPA CLAIM

SST moves for dismissal on the grounds that SEI's MUDTPA claim fails to satisfy the pleading standards of Federal Rule of Civil Procedure 9(b).  Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." MUDTPA claims are subject to this heightened pleading standard, and therefore must contain "factual allegations explaining the who, what, when, where and how," of the allegedly deceptive conduct. *E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665-66 (8th Cir. 2012); *see also Stinson v. U.S. Bank, NA*, Civ. No. 12-68, 2012 WL 2529354, at *4 (D. Minn. June 13, 2012).

SEI's pleading fails to meet this standard.[2] Count II merely recites, verbatim, the text of the statute with regard to acts constituting deceptive trade practices, and does not indicate what actions SEI took to engage in these practices, when or where they were taken, or how the actions constitute violations of the statute. (*Compare* Am. Compl. ¶¶ 94-95, *with* Minn. Stat. § 325D.44, subd. 1(1)-(2), (8), (13).); *see Crest Construct. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) ("Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.").

SEI's factual allegations are similarly insufficient to meet the pleading requirements of Rule 9(b). SEI alleges that "not later than May of 2011 SST had promulgated written materials and had published statements to the general public and the agriculture industry that both the IntelliScan and IntelliSeed software had been created

---

[2] SEI argues that it is not required to meet the pleading standards of Rule 9(b) because knowledge of the alleged misrepresentations is "'peculiarly within [SST's] knowledge'" and therefore may be pled on information and belief. (Pl.'s Mem. in Opp. to SST's Mot. to Dismiss at 4, Oct. 22, 2013, Docket No. 83 (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783-84 (8th Cir. 2009).) First, this contention is inconsistent with SEI's allegations which take the position that SEI's misrepresentations were published "to the general public," indicating that the misrepresentations are not peculiarly within SST's knowledge. (*See* Am. Compl. ¶ 63.) Second, even if pleading on information and belief was appropriate in this circumstance, the allegations must still be "accompanied by a statement of the facts on which the belief is founded" in order to satisfy Rule 9(b). *Drobnak*, 561 F.3d at 784. As explained above, SEI has alleged insufficient facts – whether based on information and belief or not – to give SST notice of the basis for the MUDTPA claim against it.

solely as a joint effort of SST and Monsanto." (Am Compl. ¶ 63.) SEI's complaint fails to allege with sufficient specificity when the allegedly misleading statements were made. SEI alleges that the statements were made before May 2011, but this fails to provide SST with adequate notice of the conduct for which it may be liable. SST had a relationship with Monsanto for at least two years prior to May 2011, but SEI's complaint does not identify any particular time during the course of this relationship that the statements were made.

SEI's "where" and "what" allegations are also deficient. "Written materials" and "published statements" do not identify with sufficient particularity where the alleged misrepresentations were made. *See Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 899-900 (D. Minn. 2013) (concluding that a fraud claim was not pled with particularity where it did not specify "in what writings or oral communications these misrepresentations were made"). Here, SEI has not identified any document, advertisement, presentation, website or other platform containing SST's alleged misrepresentations. *Cf. Select Comfort Corp. v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981, 984 (D. Minn. 2011) (finding fraud allegations to be sufficient under Rule 9(b) that identified a website, described how the website was misleading and biased, and explained how the reviews on the website were misleading).

Additionally, SEI's pleadings fail to identify the deceptive representations to which it is referring – i.e. what statements SST made that gave the impression it, not SEI, had created the IntelliScan software. *See Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103 (D. Minn. 2009) (finding that claims were insufficiently pled where

plaintiffs failed "to identify the specific provisions of" a Uniform Franchise Offering Circular document containing alleged misrepresentations); *In re Mirapex Prods. Liab. Litig.*, 246 F.R.D. 668, 671 (D. Minn. 2007) (dismissing a fraud claim as deficient which merely alleged that defendant "made false representations denying any link between [defendant's product] and compulsive gambling," because the complaint did not site "[s]pecific statements or omissions"); *cf. McGregor v. Uponor, Inc.*, Civ. No. 09-1136, 2010 WL 55985, at *4 (D. Minn. Jan. 4, 2010) (denying a motion to dismiss a fraud claim that identified particular quotes from defendants' website and advertising brochures which plaintiffs claimed were misrepresentations). Instead, SEI alleges only in the most general terms that some materials containing some sort of representation about SST's authorship of the IntelliScan software were promulgated to the general public and the agriculture industry. These allegations do not satisfy the requirements of Rule 9(b), and the Court will therefore grant SST's motion to dismiss the claim.

The Court previously granted SEI leave to amend and expressly noted that any amendment must comply with the pleading requirements of Rule 9(b). *See* 2013 WL 4050790 at *15. Because the Court dismissed SEI's MUDTPA claim on the basis that it failed to plead any relief available under the statute (a problem that SEI's amended complaint has addressed) and not on the basis that SEI's original complaint failed to comply with Rule 9(b), SEI contends that the Court's August 9 order made "a determination that the factual basis [of the MUDTPA claim], as pled in the original complaint, was sufficient." (Mem. in Opp. to SST's Mot. to Dismiss at 2, Oct. 22, 2013, Docket No. 83.) SEI claims that its failure to materially amend the factual allegations in

its MUDTPA claim is based on this interpretation of the Court's August 9 order. SEI's interpretation of the Court's order is incorrect. The Court's order gave no indication that it was approving the factual allegations in SEI's original complaint. Instead, the Court dismissed SEI's MUDTPA claim based on the clear failure to request relief that was available under the statute. *See Boddicker v. Esurance Inc.*, 770 F. Supp. 2d 1016, 1021 (D.S.D. 2011) ("Courts generally decide issues on the narrowest possible grounds."). The Court was therefore required to dismiss, and not obligated to address additional ways in which SEI's original MUDTPA pleading may have been deficient. As a courtesy to SEI's counsel, the Court alerted SEI to the requirement that any amended pleading satisfy the requirements of Rule 9(b). Notably, the Court is rarely in the habit of reminding parties of pleading requirements that it has already satisfied.

Although SEI's failure to appropriately amend its MUDTPA claim was based on an unreasonable interpretation of the Court's August 9 order, the Court is cognizant of the liberal amendment policy of the Federal Rules of Civil Procedure. *See Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Under this policy, denial of leave to amend "is only appropriate in those limited circumstances in which undue delay, bad faith on the part of the moving part[]y, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Id.* None of these circumstances are presented here. There is no indication of undue delay or bad faith on SEI's part, and it is not yet clear that amendment would be futile. Moreover, the litigation is still at an early stage, and dismissal without prejudice would allow SEI to amend only its preexisting MUDTPA claim to include sufficient supporting factual allegations. Such an amendment

would not be unduly burdensome to SST, as it has ample time to complete discovery regarding the claim and would not be required to defend against new claims or parties. Therefore, the Court will grant SST's motion to dismiss, but will dismiss SEI's MUDTPA claim without prejudice. If SEI chooses to amend this claim, it must file an amended complaint with respect to that claim within seven days. The Court cautions that it will not grant SEI any requests to further amend this claim, and any future dismissal of this claim will be with prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint [Docket No. 71] is **GRANTED**. Plaintiff's Minnesota Uniform Deceptive Trade Practices Act claim (Count II) is **DISMISSED without prejudice**. Within seven (7) days Plaintiff may file an amended complaint with respect to this claim.

DATED: December 6, 2013
at Minneapolis, Minnesota.

_____ s/ John R. Tunheim _____
JOHN R. TUNHEIM
United States District Judge